[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON SMITH'S MOTION FOR SUMMARY JUDGMENT
Defendant Catherine Vidal Smith moves for summary judgment on the Fifth and Sixth Counts of plaintiff's second amended complaint. The Fifth Count sounds in breach of warranty and the Sixth Count in breach of contract, both relating to a power line easement over plaintiff's land.
The undisputed facts are fully set forth in this Court's memorandum of decision dated April 18, 1994 granting the motion of defendant Talcott Mountain Science Center for Student Involvement, Inc. for summary judgment. The specific additional facts relating to the instant motion are: In 1987 defendant Smith conveyed her land to plaintiff's predecessor in title by warranty deed, subject to the power line easement originally obtained by the United States Government by way of condemnation. In the late 1980's the Science Center began planning construction of new educational facilities on the State Parcel, which it completed in 1991. This construction spoils plaintiff's view from atop Avon Mountain.
The essence of plaintiff's claim in its Fifth and Sixth Counts is, as stated in its brief, that "Smith failed to identify as an encumbrance or easement the Science Center's use of the pole-line utility easement to service its state parcel."
This Court, relying on Carbone v. Vigliott, 222 Conn. 216,225 (1992), held in its memorandum of decision of April 18, 1994 that when there is no significant change in the CT Page 5624 use of the easement, the mere addition of other land to the dominant estate does not constitute an overburden or misuse of the easement. Similarly, it does not constitute a breach of the warranty in a deed when the easement has been identified as an encumbrance.
Moreover, Smith conveyed what she bargained and warranted to convey. She cannot be held responsible for the acts of the Science Center in enlarging its facilities several years later.
Plaintiff persists in confusing a use of the easement with a use of the land to which the easement runs. The use of the easement has remained exactly the same: no change in number and size of utility poles or of overhead and underground utility lines; no replacement or relocation of poles or lines; no improper maintenance or repairs of poles or lines. Expansion of the Science Center facilities without a showing of any change in the use of the easement affords plaintiff no basis for relief.
Defendant Smith's motion for summary judgment on the Fifth and Sixth Counts of plaintiff's second amended complaint is granted.
Robert Satter State Judge Referee